■ STEPHEN R. MAHLER, Respondent-Appellant, v NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Appellant-Respondent. [700 NYS2d 15] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered September 11, 1998, which, in an action on a disability insurance policy, upon the parties' respective motions for summary judgment, *inter alia*, declared that the policy's two-year incontestability clause bars defendant insurer from rescinding the policy or denying plaintiff insured's claim, and that plaintiff is not entitled to attorneys' fees, unanimously affirmed, without costs.

No issue of fact exists as to whether the two-year incontestability clause was tolled. Such a toll requires that plaintiff be "disabled" during the incontestability period, which, under the policy's definitions, means that the insured must be, among other things, under "the regular and personal care of a physician * * * for the condition causing the disability". Here, while defendant shows that plaintiff had been treated for various conditions prior to the effective date of the policy, no showing is made that any such treatments were for multiple sclerosis, the disability-causing condition. Defendant's other argument that an incontestability clause like the one in issue does not bar a defense of noncoverage where the disability-causing condition had manifested itself before the policy's effective date was recently raised by defendant and rejected by the Court of Appeals in *New England Mut. Life Ins. Co. v Doe* (93 NY2d 122). We note that defendant's brief in this case is dated before the Court of Appeals' decision in *Doe*, and find that defendant's rejection of plaintiff's claim was not undertaken in bad faith (*see, Sukup v State of New York*, 19 NY2d 519, 522), and that plaintiff is not otherwise entitled to attorneys' fees (*see, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21-22). Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.